1   Simon J. Frankel (State Bar No. 171552)
    sfrankel@cov.com
2   COVINGTON & BURLING LLP
    One Front Street, 35th Floor
3   San Francisco, CA  94111-5356
    Telephone:  (415) 591-6000
4   Facsimile:   (415) 955-6552

5   Mark J. Rosenberg (*pro hac vice* admission pending)
    mrosenberg@tarterkrinsky.com
6   TARTER KRINSKY & DROGIN LLP
    1350 Broadway
7   New York, NY  10018
    Telephone:  (212) 216-1127
8   Facsimile:   (212) 216-8001

9   Attorneys for Plaintiff FITBUG LIMITED

10

11                  UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13   FITBUG LIMITED, a United Kingdom
     Limited Liability Company            Civil Case No.:
14
                   Plaintiff,             **COMPLAINT**
15
            v.                            **Demand for Jury Trial**
16
     FITBIT, INC., a California Corporation
17
                   Defendant.
18

19          Fitbug Limited ("Fitbug"), by its attorneys, Covington & Burling LLP, for its Complaint

20   against defendant Fitbit, Inc. ("Fitbit"), alleges as follows:

21                        **NATURE OF THE ACTION**

22          1.      This action arises under the provisions of the Trademark Act of 1946, 15 U.S.C.

23   §1051 et seq., particularly under 15 U.S.C. §§ 1114, 1119 and 1125(a), Section 17200 *et seq.* of

24   the California Business and Professions Code, and the common law, and is for trademark

25   infringement, trade dress infringement, unfair competition and unfair business practices.

26

27

28

COMPLAINT
Civil Case No.:

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1064 and 1121; and 28 U.S.C. §§ 1331, 1338 and 1367. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendant Fitbit is transacting and doing business within this judicial district, is committing the acts complained of herein within this judicial district, and is subject to the jurisdiction of this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure.

3.      *Intra-District Assignment*.   Because this is a trademark action, pursuant to Northern District Local Rule 3-2(c) and Northern District General Order 44(D)(5), venue for this case is proper in any Courthouse in this District.

**THE PARTIES**

4.      Fitbug is a limited liability company formed under the laws of the United Kingdom with a place of business at 1st Floor, Waterside House, 47-49 Kentish Town Road, Camden, London, United Kingdom.

5.      Upon information and belief, Fitbit is a corporation organized under the laws of the State of California with a place of business at 150 Spear Street, San Francisco, California.

**FITBUG AND ITS TRADEMARK**

6.      Fitbug is one of the first companies, if not the first, to combine portable electronic tracking devices such as pedometers and the Internet in order to enable users to monitor their activity, manage their nutrition, become physically fit and lose weight.

7.      Owners of Fitbug devices are able to upload information from their pedometers - "bugs" - onto Fitbug's Internet website at www.Fitbug.com (the "Fitbug Website") where they can track their activity, input and track their weight and receive nutrition and fitness advice and information.   Originally, users uploaded information from their bugs using a USB cable connected to their personal computer.   Now, this can be done wirelessly using Bluetooth technology and the users' smartphones or through a USB cable attached to the users' bugs and their personal computers.

8.      Commencing in 2005, long prior to the acts of Fitbit complained of herein, Fitbug adopted and began using in the United States commerce the trademark FITBUG in connection with fitness related electronic devices and online services all designed to help users monitor their activity, manage their nutrition, become physically fit and lose weight (collectively, the "FITBUG Goods and Services").

9.      Fitbug owns two United States Trademark Registrations for its FITBUG mark, No. 3,178,665 for fitness equipment, namely, pedometers; provision of physical fitness training services, namely, provision of fitness training services via the internet; personal training services, namely, conditioning training; and provision of non-medical nutrition advice (the "'665 Registration"); and No. 3,716,942 computer software relating to assessment of fitness, monitoring of fitness, fitness training programs, managing and monitoring fitness training programs, monitoring recording and displaying historical fitness data, provision of motivational information and statements to people in fitness training and/or provision of nutritional advice; providing temporary use of online downloadable software via website which assesses and monitors fitness, proposes, manages and monitors fitness training programs, monitors records and displays historical fitness data, provides motivation and provides nutritional advice and information to people in fitness training program (the "'942 Registration") (collectively, the "FITBUG Registrations"). Both of the Fitbug Registrations are valid and subsisting with the '665 Registration being incontestable. Printouts of the Fitbug Registrations from the United States Patent and Trademark Office's Internet database are attached hereto as Exhibit 1.

10.     At all relevant times, Fitbug devices (bugs) and the Fitbug Website have been prominently marked with the FITBUG mark. Examples of Fitbug's use of its FITBUG mark are shown in Exhibits 2-3 hereto.

11.     From 2005 through mid-2012, Fitbug displayed its FITBUG mark in lower case letters using, among other things, a fanciful font with a light blue dot over the letter "I" in FITBUG. A copy of the original FITBUG mark is shown in Exhibit 3 hereto.

12.     The FITBUG Goods and Services enjoy significant sales and are widely recognized to be of the highest quality. By virtue of the wide renown acquired by the FITBUG

1   Mark, the inherently distinctive FITBUG Mark has become famous and, to the extent that it is

2   not inherently distinctive, has developed a secondary meaning and significance in the minds of

3   the trade and purchasing public, such that health and fitness goods and services offered in

4   connection with the FITBUG trademark is immediately identified by the purchasing public with

5   Fitbug.

6        13.    The FITBUG Goods and Services are widely recognized by the purchasing

7   public throughout the United States to be of the highest quality and offered and sold under

8   superior customer service conditions.  As a result thereof, the FITBUG Mark and the goodwill

9   associated therewith are of inestimable value to Fitbug.

10   **FITBIT'S ILLEGAL CONDUCT**

11        14.    Upon information and belief, in or about late 2009 or early 2010, approximately

12   four years after Fitbug began offering its FITBUG Goods and Services in the United States and

13   three years after the after the '665 Registration issued, Fitbit, without Fitbug's authorization,

14   began distributing under and in connection with the FITBIT trademark, fitness related portable

15   electronic devices and online services all designed to help users monitor their activity, manage

16   their nutrition, become physically fit and lose weight (collectively, the "FITBIT Goods and

17   Services").

18        15.    Originally, users of Fitbit devices were and continue to be are able to upload

19   information from their Fitbit devices onto Fitbit's Internet website at www.Fitbit.com (the

20   "Fitbit Website") where users can track their activity, input and track their weight and receive

21   nutrition and fitness information.  At first, Fitbit users uploaded information from their Fitbit

22   devices using a receiver connected to their personal computer by a USB cable.  Now, this can be

23   done wirelessly using Bluetooth technology and the users' smartphones.

24        16.    The FITBIT Goods and Services are identical and/or nearly identical to the

25   FITBUG Goods and Services.

26        17.    At all relevant times, Fitbit devices and the Fitbit Website have been prominently

27   marked with the FITBIT mark which, like the original version of the FITBUG mark, is typically

28   displayed in lower case letters using a font similar to the fanciful font originally used by Fitbug

1   (particularly with respect to the letters "F" and "B") with a light blue dot over each of letter "I"

2   in FITBIT. A copy of the FITBIT mark is shown in Exhibit 4 hereto.

3       18.    Upon information and belief, the similarities between the FITBUG and FITBIT

4   marks, which differ by just two letters, are displayed with blue dots over the letter "I" and in

5   similar fonts and are used in connection with identical and nearly identical goods and services

6   are not coincidental. Upon information and belief, at all relevant times, including before the

7   time that Fibit commenced using the FITBIT mark, Fitbit was aware of Fitbug and the FITBUG

8   Goods and Services.

9       19.    The similarities between Fitbug and Fitbug do not end with the obvious

10   similarities between the FITBUG and FITBIT marks and the way in which these marks are

11   displayed. Rather, until recently, i.e., until Fitbug put Fitbit on notice of its infringing conduct,

12   the icons and imagery used in elements of the Fitbit Website bore a striking resemblance to the

13   icons and imagery used in corresponding elements of early iterations of the Fitbug Website and

14   in Fitbug's sales collateral.

15       20.    For example,

16       •    The user manual that accompanied Fitbug devices from 2005 through,

17       approximately, 2009 displayed a photograph of a Fitbug bug placed in the

18       coin pocket of a pair of riveted blue jeans. The 2009 version of the Fitbit

19       Website displayed a photograph of a Fitbit device bug placed in the coin

20       pocket of a pair of riveted blue jeans. *See* Exhibit 5 hereto.

21       •    The 2007 version of the Fitbug Website displayed a chart labeled "activity"

22       that, among other things, showed user steps taken and used fluorescent red

23       and fluorescent blue horizontal bars to chart depict activity, with user targets

24       written in a smaller font directly under these bars. The Fitbit Website

25       displayed a chart labeled "Activity" that, among other things, showed user

26       steps taken and used fluorescent red and florescent blue horizontal bars to

27       depict activity, with user targets written in a smaller font directly under these

28       bars. *See* Exhibit 6 hereto.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- The 2007 version of the Fitbug Website displayed a diagram depicting how energy balance (a person's food intake and activity) can determine whether a person can gain, maintain or lose weight. The diagram depicted three "zones" arrayed in an arc with each zone a different color and a scale-like needle pointing to one of the zones. The Fitbit Website displayed a diagram of weight loss "zones." The diagram depicted three "zones" arrayed in an arc with each zone a different color and a scale-like needle pointing to one of the zones. *See* Exhibit 7 hereto.

- The 2007 version of the Fitbug Website displayed a circular graph showing the breakdown of a person's consumption of carbohydrates, protein and fats with each component a different color (blue, yellow-brown and purple) accompanied by a chart listing in percentages the target and actual consumption of these food components. The Fitbit Website displayed a circular graph showing the breakdown of a person's consumption of carbohydrates, protein and fats with each component a different color (blue, yellow-brown and pink) accompanied by a chart listing in percentages the average and recommended consumption of these food components. *See* Exhibit 8 hereto.

- Beginning in or about 2007, the Fitbug Website displayed a circular graph showing the breakdown of a Fitbug user's activity for a selected date range with each type of activity depicted in a different color (blue, yellow-brown, pink and green). The Fitbit Website displayed a circular graph showing the breakdown of a Fitbit's user's activity for a selected date range with each type of activity depicted in a different color (blue, yellow-brown, pink and grey). *See* Exhibit 9 hereto.

- The 2008 version of the Fitbug Website, Fitbug device packaging and manual and a brochure distributed by Fitbug in or about 2008-2009 all displayed silhouettes of persons walking with their bug, with the bug represented by a

1
2
3
4

> dark bar.  The packaging in which Fitbit devices have been sold and are sold display silhouettes of persons walking with their Fitbit device, with the devices represented by a dark bar, or silhouettes similar to the silhouettes used by Fitbug. *See* Exhibits 10-11, 18-20 hereto.

5   Copies of the relevant portions of the Fitbug Website, the Fitbug user manual, the Fitbug
6   brochure, the Fitbug Packaging, the Fitbit Website and the Fitbit packaging referenced above
7   are attached hereto as Exhibits 5-11, and 18-20.

8         21.    Upon information and belief, the similarities between the FITBUG and FITBIT
9   marks, which differ by just two letters, are displayed using similar fonts with light blue dots
10  over the letter "I", and are used in connection with identical and nearly identical goods and
11  services are not coincidental.  Upon information and belief, at all relevant times, including
12  before the time that Fibit commenced using the FITBIT mark, Fitbit was aware of Fitbug, the
13  FITBUG Goods and Services and the Fitbug Website.

14        22.    Upon information and belief, prior to the time that Fitbit began offering its goods
15  and services, Fitbit or a person working on behalf of Fitbit purchased a Fitbug bug and
16  subscribed to Fitbug's online services.

17        23.    Upon information and belief, Fitbit intentionally sought to trade on the FITBUG
18  mark and Fitbug's reputation and to otherwise cause consumer confusion.

19        24.    Fitbug never consented to or authorized Fibit's use of the FITBIT mark.  Fitbit's
20  use of the FITBIT mark has been and continues to be in a manner that is likely to cause
21  confusion, mistake and deceive.

22        25.    Fitbit's unauthorized use of the FITBIT mark is likely to create and foster and, in
23  fact, has created and fostered the false impression that the goods and services that Fitbit offers
24  and sells in connection with the FITBIT mark originate from, are affiliated, associated or
25  connected with, originate from or are sponsored or approved by Fitbug.

26        26.    In addition, Fitbit's unauthorized use of the FITBIT mark is likely to create and
27  foster and, in fact, has created and fostered the false impression that the goods and services that

28

1  Fitbug offers and sells in connection with the FITBUG mark originate from, are affiliated,

2  associated or connected with, originate from or are sponsored or approved by Fitbit.

3       27.    Such confusion is not just likely to occur, it has occurred on many occasions.

4  For example, in the past twelve months, Fitbug has received approximately two hundred

5  customer service inquiries from consumers seeking assistance with their Fitbit devices.

6       28.    In addition, journal articles and social media entries discussing the products

7  displayed by Fitbug and Fitbit and the 2013 Consumer Electronics Show ("CES") repeatedly

8  confused the parties' respective products.   The Inquisitr, in an article that was widely

9  republished across the Internet, displayed a photograph of Fitbit products under the headline

10 "FitBug Flex Brings Real-Time Health Monitoring to Your Wrist [Live At CES 2013]". The

11 "Flex" product is a Fitbit product.   A copy of The Inquisitr article is attached hereto as

12 Exhibit 12.

13       29.    Similarly, a posting about the Fitbug Air product on the Communications Media

14 section of the educational blog site nitesky.edublogs.org displayed a photograph of Fitbit

15 products, while a Mashable posting displaying a photograph of Fitbug products identified these

16 products as Fitbit products.   Copies of the nitesky.edublogs.org and Mashable postings are

17 attached hereto as, respectively, Exhibits 13 and 14.

18       30.    Finally, the author of an article published in AOL's tech blog TUAW admitted to

19 confusing Fitbug and Fitbit while attending CES.   A copy of the TUAW article is attached

20 hereto as Exhibit 15.

21       31.    By letter dated December 9, 2011, Fitbug put Fitbit on notice of its infringing

22 conduct.  (A copy of the December 9, 2011 letter is attached hereto as Exhibit 16).  Despite due

23 demand, Fitbit has continued its infringing conduct.

### FIRST CAUSE OF ACTION
**Trademark Infringement**
**(15 U.S.C. § 1114(1))**

26       32.    Fitbug repeats and realleges the allegations of paragraphs 1 through 31 as if fully

27 set forth herein.

28

COMPLAINT                                            8
Civil Case No.:

33.     This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. § 1114(1), and alleges the infringement of registered trademarks.

34.     Fitbug is the owner of the FITBUG Registrations which cover fitness equipment, namely, pedometers; computer docking stations adapted to receive any of the aforesaid goods and allow communication of any of the aforesaid goods with an electronic data transmission means and parts and fittings for the aforesaid goods; provision of physical fitness training services, namely, provision of fitness training services via the internet; personal training services, namely, conditioning training; and provision of non-medical nutrition advice; computer software relating to assessment of fitness, monitoring of fitness, fitness training programs, managing and monitoring fitness training programs, monitoring recording and displaying historical fitness data, provision of motivational and information and statements to people in fitness training and/or provision of nutritional advice; providing temporary use of online downloadable software via website which assesses and monitors fitness, proposes, manages and monitors fitness training programs, monitors records and displays historical fitness data, provides motivation and provides nutritional advice and information to people in fitness training program (collectively, the "FITBUG Registration Goods and Services").

35.     Fitbit's unauthorized use of the FITBIT mark in connection with goods and services that are identical or nearly identical to the FITBUG Registration Goods and Services is likely to cause confusion, mistake and deception.

36.     The activities of Fitbit complained of herein constitute willful and intentional infringement of Fitbug's registered FITBUG mark as such activities have the effect of creating confusion, mistake and deception.  Upon information and belief, these activities were commenced and have continued despite Fitbit's knowledge that such activities are in direct contravention of Fitbug's rights.

37.     Fitbit willfully infringed Fitbug's registered FITBUG mark by offering and providing goods and services that are identical or nearly identical to the FITBUG Registration Goods and Services, all under or in connection with the FITBIT mark, in interstate commerce in

COMPLAINT
Civil Case No.:

9

this District and elsewhere. This use is without permission or authority of Fitbug and such use has been and continues to be in a manner that is likely to cause confusion, mistake and to deceive.

38.     The aforesaid and continuing acts of the Fitbit infringe Fitbug's registered FITBUG mark in violation of 15 U.S.C. §1114(1).  Said continuing violation has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to Fitbug and its business, reputations and goodwill and have caused Fitbug to suffer monetary damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Unfair Competition
### (15 U.S.C. § 1125(a))

39.     Fitbit repeats and realleges the allegations of Paragraphs 1-38 as if fully set forth herein.

40.     This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin, false descriptions and false representations.

41.     Long prior to the acts of the Fitbit complained of herein, Fitbug marketed, promoted and used the FITBUG mark throughout the United States to identify its goods and services and to distinguish them from those provided by others. By reason of the inherent distinctiveness of the FITBUG mark, the FITBUG trademark indicates to customers, potential customers and the trade that goods and services offered and provided under and in connection with the FITBUG mark are offered and provided by Fitbug.

42.     As a result of Fitbug's marketing, promotion and sales of goods and services under and in connection with the FITBUG mark, the FITBUG mark has developed and has a secondary and distinctive meaning to consumers, potential consumers and the trade so that goods and services offered under and in connection with the FITBUG mark are known and understood to originate from Fitbug.

43.    Fitbit has used the FITBIT mark with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of Fitbug and to improperly appropriate Fitbug's valuable trademark rights.

44.    Fitbit's use and continued use of the FITBIT mark has caused and is likely to cause confusion, mistake or deception in the minds of the trade and purchasing public and create the erroneous impression that Fitbit's use of the FITBIT mark and the provision of goods and services under and in connection with the FITBIT mark is authorized, endorsed, sponsored, authorized or approved by Fitbug and/or, that Fitbug's offering of goods and services under and in connection with the FITBUG mark is provided, authorized, endorsed, sponsored, authorized or approved by Fitbit.

45.    Fitbit's use of the FITBIT mark constitutes a use in interstate commerce of a false designation of origin and a false and misleading description and representation of goods in commerce, with knowledge of the falsity, which has and is likely to cause confusion, mistake and deception and a use in commercial advertising and promotion which misrepresents the nature, characteristics, qualities and origin of the Fitbit's goods and commercial activities, all within the meaning and in violation of 15 U.S.C. § 1125(a).

46.    Fitbit's use and continued use of the FIBIT mark is causing and, unless enjoined, will continue to cause irreparable harm and damage to Fitbug and its business, reputation and goodwill and has caused Fitbug to suffer monetary damages in an amount to be determined at trial.

47.    Unless restrained and enjoined, Fitbit's aforesaid acts will cause Fitbug irreparable harm and damage for which there is no adequate remedy at law.

### THIRD CAUSE OF ACTION
**Common Law Trademark And Unfair Competition**

48.    Fitbug repeats and realleges the allegations contained in Paragraphs 1-47 as if fully set forth herein.

49.    This claim arises under the common law of this District relating to trademark infringement and unfair competition.

1    50.    As more fully set forth above, the FITBUG mark, to the extent that it is not

2  inherently distinctive, has come to have a secondary meaning indicative of origin, relationship,

3  authorization, sponsorship and/or association with Fitbug.  As a result, the purchasing public

4  and the trade are likely to attribute to Fitbug Fitbit's use of the FITBIT mark as a source of

5  origin, authorization and/or sponsorship of Fitbit's services and therefore, to purchase Fitbit's

6  goods and based on that erroneous belief and/or attribute to Fitbit Fitbug's use of FITBUG mark

7  as a source of origin, authorization and/or sponsorship of Fitbug's goods, and therefore, to

8  purchase Fitbug's goods based on that mistaken belief.

9    51.    Upon information and belief, Fitbit intentionally appropriated the FITBUG mark

10  and the goodwill associated therewith with the intent of causing confusion, mistake, and

11  deception as to the source of origin, relationship, sponsorship, and/or association of Fitbit's

12  goods and services, and with the intent to palm off its goods as those of Fitbug and to take

13  advantage of Fitbug's efforts to promote the FITBUG Goods and Services and the FITBUG

14  mark.  As such, Fitbit has committed trademark infringement and unfair competition under the

15  common law.

16    52.    By reason of such infringement, unfair competition and misappropriation by

17  Fitbit and by Fitbit's promotion and offering of goods and services under and in connection with

18  the FITBIT mark, Fitbit has caused, and unless restrained and enjoined will continue to cause,

19  irreparable injury to Fitbug's business, reputation and goodwill and otherwise cause Fitbug to

20  suffer monetary damages in an amount to be determined at trial.

21    53.    Fitbit's conduct in intentionally misappropriating Fitbug's goodwill and

22  engaging in unfair competition was intended to wrongfully enrich Defendants and to

23  deliberately and willfully injure Fitbug in wanton disregard of Fitbug's rights and Fitbit's legal

24  obligations. Fitbug is therefore entitled to an award of punitive damages in an amount of no less

25  than $10,000,000.

26    54.    Unless restrained and enjoined, Fitbit's continuing acts of infringement and

27  unfair competition has caused and will continue to cause irreparable harm and damage to Fitbug

28  for which there is no adequate remedy at law.

**FOURTH CAUSE OF ACTION**
**Cancellation Of Registered Trademark**

55.     Fitbug repeats and realleges the allegations contained in Paragraphs 1-54 as if fully set forth herein.

56.     Fitbit owns U.S. Trademark Registration No. 3,732,334 for use in connection with multifunctional electronic devices for displaying, measuring, and uploading to the Internet information including time, date, body and heart rates, global positioning, direction, distance, altitude, speed, steps taken, calories burned, navigational information, weather information, the temperature, wind speed, and the declination of body and heart rates, altitude and speed; Providing online chat rooms and electronic bulletin boards for registered users for transmission of messages concerning food, nutrition, personal activities, general interest, classifieds, virtual community, and social networking;  providing a website featuring information regarding fitness training; providing a website featuring information regarding nutrition, dieting, wellness, and health (the "'FITBIT Registration"). A copy of a printout of the FITBIT Registration from the United States Patent and Trademark Office's Internet database is attached hereto as Exhibit 17.

57.     Fitbug's trademark rights are superior to Fitbit's trademark rights. As set forth in the FITBIT Registration, the dates of first use for the FITBIT mark in commerce are September 25 and 29, 2009, nearly four years after Fitbug's first use of the FITBUG mark in United States commerce on November 17, 2005.

58.     Fitbit's registered FITBIT mark is nearly identical to and confusingly similar with Fitbug's FITBUG mark and conveys an identical or nearly identical commercial impression as Fitbug's FITBUG.

59.     The goods and services covered by the FITBIT Registration are identical, similar or closely related to the FITBUG Goods and Services, including the FITBUG Registration Goods and Services.

60.     Fitbit's use of the FITBIT mark in connection with the goods and services identified in the FITBIT Registration has caused and is likely to cause confusion, mistake and deception by engendering the mistaken belief that goods and services offered by Fitbit under

COMPLAINT
Civil Case No.:

13

1  and in connection with the FITBIT mark emanate from or are licensed, sponsored or authorized

2  by Fitbug.

3       61.    Alternatively, Fitbit's use of the FITBIT mark in connection with the goods and

4  services identified in the FITBIT Registration has caused and is likely to cause reverse

5  confusion, mistake and deception by engendering the mistaken belief that goods and services

6  offered by Fitbug under and in connection with the FITBUG mark emanate from or are licensed,

7  sponsored or authorized by Fitbit.

8       62.    The FITBIT Registration identifies goods which, upon information and belief,

9  were not used by Fitbit until years after their purported date of first use, if ever.  Such goods

10  include multifunctional electronic devices for displaying, measuring, and uploading to the

11  Internet information including heart rates, global positioning, direction, distance, navigational

12  information, weather information, the temperature, wind speed and altitude.

13       63.    Upon information and belief, Fitbit, with the intent to deceive the United States

14  Patent and Trademark Office ("USPTO"), knowingly misrepresented to the USPTO the goods

15  on which Fitbit had actually used the FITBIT mark.  Upon information and belief, Fitbit made

16  these misrepresentations for the purpose of procuring a trademark registration that provided

17  trademark rights broader than the rights to which Fitbit was legally entitled.

18       64.    Fitbit's registration and continuing registration of the FITBIT Registration has

19  caused and will continue to cause irreparable harm to Fitbug.

20       65.    The FITBIT Registration was acquired by fraud.

21       66.    In accordance with 15 U.S.C. §§ 1064 and 1119, the FITBIT registration should

22  be cancelled.

### FIFTH CAUSE OF ACTION
**Unfair Competition**
**(Cal. Bus. & Prof. Code §§ 17200 et seq.)**

23
24

25       67.    Fitbug repeats and realleges the allegations contained in Paragraphs 1-66 as if

26  fully set forth herein.

27       68.    At all relevant times, Fitbug and Fitbit were and continue to be engaged in the

28  business of providing goods and services which combine portable electronic tracking devices

COMPLAINT
Civil Case No.:

14

1    and the Internet in order to enable users to monitor their activity, manage their nutrition, become

2    physically fit and lose weight, and are and continue to be competitors in the provision of such

3    goods and services.

4         69.    As hereinabove alleged, Fitbit's use and continued use of the FITBIT mark has

5    caused and is likely to cause confusion, mistake or deception in the minds of the trade and

6    purchasing public and create the erroneous impression that Fitbit's use of the FITBIT mark and

7    the provision of goods and services under and in connection with the FITBIT mark is

8    authorized, endorsed, sponsored, authorized or approved by Fitbug and/or, that Fitbug's offering

9    of goods and services under and in connection with the FITBUG mark is provided, authorized,

10   endorsed, sponsored, authorized or approved by Fitbit.

11        70.    The FITBUG mark is inherently distinctive or has acquired distinctiveness.

12        71.    The acts herein above alleged were and are likely to mislead the general public

13   and therefore constitute unlawful and unfair acts within the meaning of California Business and

14   Professions Code Section 17200 *et seq*. Fitbit's actions have already caused, and are likely to

15   continue to cause confusion, mistake, or deception as to the source or origin of Fitbit's goods

16   and services, and are likely to suggest falsely a sponsorship, connection, license, or association

17   of Fitbit goods and services with Fitbug, thus injuring Fitbug and the public.

18        72.    As a direct and proximate result of Fitbit's statutory unfair competition, Fitbit has

19   suffered and continues to suffer damages, including, without limitation, the loss of sales and

20   profits Fitbug would have made but for Fitbit's acts, in an amount to be proven at trial.

21        73.    As a direct and proximate result of Fitbit's statutory unfair competition, Fitbit has

22   been unjustly enriched in an amount to be determined at trial.

23        74.    Fitbit's acts of unfair competition in the State of California have caused Fitbug

24   irreparable harm and damage to Fitbug for which there is no adequate remedy at law. Upon

25   information and belief, Fitbug believes that unless such acts are restrained and permanently

26   enjoined, Fitbit will continue and expand such acts unfair competition to the irreparable injury

27   of Fitbug.

28

COMPLAINT
Civil Case No.:

15

**PRAYER FOR RELIEF**

WHEREFORE, Fitbug respectfully requests that this Court enter a judgment against Fitbit as follows:

1. That Fitbit and its officers, directors, partners, employees, agents, servants and attorneys and those persons in active concert or participation with them be preliminarily and permanently enjoined from:

    a) Using the FITBIT mark or any colorable imitation thereof in connection with offering, selling, advertising or promoting the sale of the FITBIT Goods and Services or from otherwise using the FITBUG mark or any marks likely to cause confusion therewith;

    b) Infringing the FITBUG mark;

    c) Unfairly competing with Fitbug; and

    d) Using in connection with the sale of any goods or services or the dissemination or distribution advertising, promotional or marketing materials, a false or misleading description or representation including words or other symbols tending to deceive or cause confusion with Fitbug or the FITBUG mark.

2. That Fitbit be required to account to Fitbug for all profits resulting from Fitbit's infringing activities and unfair competition and that such award of profits to Fitbug be increased by the Court as provided for under 15 U.S.C. § 1117(b);

3. That Fitbug have a recovery from Fitbit of all damages sustained by Fitbug resulting from Fitbit's infringing activities and unfair competition.

4. That Fitbug be awarded restitution of all monies unfairly obtained by Fitbit through its unfair competition;

5. That Fitbug have a recovery from Fitbug of the costs of this action and Plaintiffs' reasonable counsel fees pursuant to 15 U.S.C. § 1117;

6. That damages awarded to Fitbug be trebled pursuant to Californian Bus. & Prof. Code § 17082;

7.   That Fitbug be awarded its attorney's fees and costs in accordance with the laws of the State of California;

8.   That the Court the order the cancelation of U.S. Trademark Registration No. 3,732,334; and

9.   That Fitbug have such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Fitbug hereby demands a trial by jury.

Dated: March 29, 2013                COVINGTON & BURLING LLP

                                     By: _____
                                         Simon J. Frankel
                                         Attorneys for Plaintiff FITBUG LIMITED

*Of Counsel*
Mark J. Rosenberg (*pro hac vice* admission pending)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
Tel. 212- 216-1127
mrosenberg@tarterkrinsky.com

COMPLAINT
Civil Case No.:

17