Simon J. Frankel (State Bar No. 171552)
sfrankel@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Tel.:   (415) 591-6000
Fax:   (415) 591-6091

Mark J. Rosenberg (admitted *pro hac vice*)
mrosenberg@tarterkrinsky.com
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel.:   (212) 216-1127
Fax:   (212) 216-8001

Attorneys for Plaintiff/Counter-Defendant
FITBUG LIMITED

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FITBUG LIMITED,<br><br>        Plaintiff,<br><br>        v.<br><br>FITBIT, INC.,<br><br>        Defendant. | Civil No.: 3:13-cv-01418-SC<br><br>**FITBUG LIMITED'S OPPOSITION TO FITBIT, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING** |
| FITBIT, INC.,<br><br>        Counter-Claimant,<br><br>        v.<br><br>FITBUG LIMITED,<br><br>        Counter-Defendant. | Date:         December 12, 2014<br>Time:        10:00 a.m.<br>Judge:       Hon. Samuel Conti<br>Courtroom:  Courtroom 1, 17th Floor |

      Pursuant to Civil L.R. 7-11(b), Plaintiff/Counter-Defendant Fitbug Limited opposes Defendant/Counter-Claimant Fitbit, Inc.'s administrative motion for leave to file supplemental briefing. Dkt. No. 81 ("Admin. Mot.").

      In an apparent attempt to manufacture an excuse for an unauthorized sur-reply, Fitbit's administrative motion asserts, incorrectly, that Fitbug submitted "new evidence" with its reply in support of its motion for summary judgment, Dkt. No. 74 ("Fitbug Reply"). Admin Mot. at 1. In reality, the purported "new evidence" to which Fitbit objects consists of nothing more than Fitbug's responses to assertions raised for the first time *by Fitbit* in its opposition to Fitbug's summary judgment motion. *See* Dkt. No. 61-4 ("Fitbit Opp."). It is entirely appropriate for the moving party to respond to such new assertions on reply, including in accompanying declarations as provided for by this Court's Local Rules. Civil L.R. 7-3(c); *see Gradillas v. Lincoln Gen. Ins. Co.*, 2012 WL 6020094, at *6 (N.D. Cal. Dec. 3, 2012).

      Specifically, Fitbit makes the unfounded claim that the declaration of Catherine M. Ferrara constitutes "new evidence" regarding the widespread actual confusion between Fitbug and Fitbit. Admin. Mot. at 1; *see* Dkt. No. 78 ("Ferrara Decl."). As an initial matter, Fitbug addressed at length the issue of actual confusion in its summary judgment motion, Dkt. No. 47-4 ("Fitbug Mot.") at 8–11, so the cases cited by Fitbit holding that courts need not consider "different arguments" raised on reply do not apply here. Admin. Mot. at 1 (citing *Zamani v. Carnes*, 491 F.3d 990, 996 (9th Cir. 2007); *Dytch v. Yoon*, 2011 WL 839421 (N.D. Cal. Mar. 7, 2011)). Fitbit also ignores that, in its opposition, *Fitbit* argued for the first time that the Court should disregard the actual-confusion evidence as examples of mere "compatibility questions" by consumers. Fitbit Opp. at 16. In response, as is appropriate on reply, Ms. Ferrara's declaration offered a detailed analysis of evidence *previously submitted by Fitbug* in order to demonstrate why Fitbit's "compatibility" argument lacks merit. *See* Ferrara Decl. ¶¶ 2–6 (discussing exhibits to declaration of Sundeep Sangany, Dkt. No. 48). This is not "new evidence"; Fitbug simply responded to matters first raised in Fitbit's opposition, as Fitbug was entitled to do.

      Substantively, the arguments raised in Fitbit's "supplemental brief" (several of them for the first time), Dkt. No. 81-2 at 1–2, in no way change the fact that the record contains extensive evidence of actual confusion among both consumers and industry professionals. *See* Fitbug Mot. at 8–11; Fitbug

Reply at 1–6. Despite Fitbit's belated attempts to re-characterize the consumer inquiries received by Fitbug, even a cursory review of the record reveals that consumers have regularly contacted Fitbug mistakenly believing they were dealing with Fitbit. *See* Fitbug Mot. at 9–10 (quoting emails from consumers complaining to Fitbug about malfunctioning Fitbit devices, requesting that Fitbug send them replacement Fitbit devices, and even asking if Fitbug could locate the owner of lost Fitbit device); *see also* Dkt. Nos. 47-6–47-8, 47-10–47-12, 47-14, 48-1, 47-16 (providing evidence of actual confusion); Fitbug Reply at 5 (citing authority that whether particular evidence demonstrates actual confusion is question for court).

There is also nothing improper about Fitbug's response to Fitbit's affirmative defense of unclean hands. *See* Admin. Mot. at 1. Fitbit first raised that defense in its opposition, so Fitbug's first opportunity to respond was on reply. *See* Fitbit Opp. at 12–15. In its reply, Fitbug observed that the basis for Fitbit's unclean-hands defense was alleged conduct by Fitbug that Fitbit identified as having occurred in 2011. Fitbug Reply at 12; *see* Fitbit Opp. at 13–14. On that ground, Fitbug argued that the defense was barred because Fitbit *specifically contended* that the allegedly inequitable conduct took place well before Fitbug filed suit. Fitbug Reply at 12 (discussing *Coca-Cola Co. v. Koke Co. of Am.*, 254 U.S. 143, 147 (1920)). Fitbit's objections to Fitbug's reply are thus without support, as Fitbug did not present "new evidence" or make "new assertions" but, again, only responded to matters raised in Fitbit's opposition brief. *See Gradillas*, 2012 WL 6020094, at *6. Indeed, it is Fitbit that is now seeking to make new arguments, with new evidence, in using its proposed "supplemental brief" to change tack and point to alleged conduct by Fitbug *beyond* the 2011 conduct specified in Fitbit's opposition. Dkt. No. 81-2 at 2; *see Zamani*, 491 F.3d at 996.

For the foregoing reasons, the Court should deny Fitbit's administrative motion for leave to file supplemental briefing and strike Fitbit's objections to any purported "new reply evidence."

December 9, 2014                     COVINGTON & BURLING LLP

                                     By:  */s/ Simon J. Frankel*
                                          Simon J. Frankel
                                          Attorneys for Plaintiff/Counter-Defendant
                                          FITBUG LIMITED