**United States District Court**
For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6               FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8                                      ) Case No. 13-1418 SC
                                       )
    FITBUG LIMITED,                    ) ORDER GRANTING IN PART AND
9                                      ) DENYING IN PART MOTION FOR
              Plaintiff,               ) REVIEW OF CLERK'S TAXATION OF
10                                     ) COSTS
                                       )
      v.                               )
11                                     )
    FITBIT, INC.,                      )
12                                     )
              Defendant.               )
13                                     )
                                       )
14  _____ )

15

16  **I.    INTRODUCTION**

17        Now before the Court is Plaintiff Fitbug Limited's ("Fitbug")

18  motion for review of costs allowed by the Clerk of the Court

19  ("Clerk").  ECF No. 108 ("Mot."); see also ECF Nos. 100 ("Bill of

20  Costs"), 106 ("Cost Taxed").  The motion is fully briefed, ECF Nos.

21  112 ("Opp'n"), 114 ("Reply"), and appropriate for resolution

22  without oral argument under Civil Local Rule 7-1(b).  For the

23  reasons set forth below, the motion is GRANTED in part and DENIED

24  in part, and the Court taxes $63,660.94 in costs.

25

26  **II.   BACKGROUND**

27        This is a trademark infringement case between two companies

28  that manufacture and sell portable electronic fitness tracking

**United States District Court**
For the Northern District of California

1   devices.   The Court granted summary judgment in favor of Defendant

2   Fitbit, Inc. ("Fitbit") on all the trademark claims, finding they

3   were barred by laches, ECF No. 96 ("SJ Order"), and thus entered

4   judgment in Fitbit's favor.   ECF No. 97 ("Judgment").   Pursuant to

5   that judgment, Fitbit submitted a bill of costs as required by 28

6   U.S.C. Section 1920, which authorizes the Court or its Clerk to tax

7   as "costs" various "minor, incidental [litigation]

8   expenses . . . ."   Taniguchi v. Kan Pac. Saipan, Ltd., 132 S. Ct.

9   1997, 2006 (2012).

10       In its bill of costs, Fitbit sought $88,888.86 in costs.

11  Fitbug objected, ECF No. 103, and the Clerk ultimately taxed costs

12  of $54,089.15.   The Clerk declined to tax $16,997.12 as "outside

13  the ambit of Civil Local Rule 54-3(c)," and $17,802.59 as "outside

14  the ambit of Civil Local Rule 54-3(d)," which furnish the standards

15  for allowable deposition costs and reproduction and exemplification

16  costs, respectively.   See Civ. L.R. 54-3(c)-(d).

17       Despite the Clerk's substantial reductions to Fitbit's costs,

18  Fitbug believes the amount taxed includes non-taxable items.   As a

19  result, Fitbug asks the Court to either reject Fitbit's claimed

20  costs entirely or, at a minimum, reduce them by a further

21  $27,468.58.   Fitbit opposes any further reductions in its costs.

22

23  **III.   LEGAL STANDARD**

24       Awarding costs is discretionary; however there is a

25  presumption in favor of awarding costs to prevailing parties.   See

26  Ass'n of Mexican-Am. Educators v. State of Cal., 231 F.3d 572, 591

27  (9th Cir. 2000) (en banc); see also Jefferson v. City of Fremont,

28  No. C-12-0926 EMC, 2015 WL 1264703, at *2 (N.D. Cal. Mar. 19,

**United States District Court**
For the Northern District of California

1    2015).   Nonetheless, "[w]ith regard to individual itemized costs,

2    the burden is on the party seeking costs . . . to establish the

3    amount of compensable costs and expenses to which it is entitled."

4    City of Alameda v. Nuveen Mun. High Income Opportunity Fund, No. C-

5    08-4575 SI, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012)

6    (internal quotation marks and citation omitted).

7        Federal Rule of Civil Procedure 54 provides for a party to

8    move for judicial review of costs taxed by the clerk.  Fed. R. Civ.

9    P. 54(d)(1).   The Court reviews the Clerk's taxation of costs de

10   novo.   See Lopez v. San Francisco Unified Sch. Dist., 385 F. Supp.

11   2d 981, 1001 (N.D. Cal. 2005).

12       Taxable costs are listed in 28 U.S.C. Section 1920 ("Section

13   1920"), and include: (1) filing fees and other court fees, (2) fees

14   for transcripts "necessarily obtained for use in the case;" (3)

15   costs of exemplification and copies also "necessarily obtained,"

16   (4) certain fees for printing and witnesses, (5) docket fees under

17   28 U.S.C. Section 1923, and (6) costs of court-appointed experts or

18   compensation for interpreters.

19       The Civil Local Rules provide additional guidance regarding

20   bills of costs.   See Civ. L.R. 54-1(a); Civ. L.R. 54-3.

21   Specifically, the Local Rules require a party's bill of costs

22   "state separately and specifically each item of taxable costs

23   claimed."  Civ. L.R. 54-1(a).   Further, a party must provide an

24   affidavit stating that the items listed are "correct and [have]

25   been necessarily incurred in the case and that the services for

26   which fees have been charged were actually and necessarily

27   performed."   28 U.S.C. § 1924; see also Civ. L.R. 54-1(a)

28   (requiring a supporting affidavit stating that "the costs are

3

1 correctly stated, were necessarily incurred, and are allowable by

2 law").

3

4 **IV. DISCUSSION**

5    First, Fitbug argues that because Fitbit's declaration

6 supporting its bill of costs, ECF No. 100-1 ("First Wakefield

7 Decl."), does not state (as required by Civil Local Rule 54-1(a))

8 that its claimed costs are "allowable by law," all of Fitbit's

9 costs should be denied.  However, Fitbit's declaration states it is

10 filed "in support of Fitbit's Bill of Costs" and is "in accordance

11 with Federal Rule of Civil Procedure 54, Local Rules 54-1 and 54-3,

12 and 28 U.S.C. § 1924."  Id. at ¶ 2.  While Fitbug apparently

13 believes "[n]o other words can tell it half so clearly," the

14 requirement a party say the "three little words," "allowable by

15 law," is merely a reminder that the Court expects them to submit

16 costs they believe are taxable, not a set of magic words necessary

17 to receive any costs.  Cf. Sarah Vaughan, Three Little Words, on

18 Live at the London House (Mercury Records 1958), available at:

19 https://www.youtube.com/watch?v=9WSZ6IRC-ys.  As the language of

20 Fitbit's declaration makes clear, Fitbit submitted these costs in

21 good faith and understood that doing so was a representation to the

22 Court and the Clerk that the costs were "allowed by law."  Now the

23 Court must decide whether Fitbit was right or not.  The Court

24 declines to elevate form over substance to avoid making that

25 decision.

26    The balance of Fitbug's motion takes issue with Fitbit's

27 claimed costs for shipping, electronic discovery and document

28 production, preparing demonstrative exhibits, and certain office

**United States District Court**
For the Northern District of California

1  supplies.  The Court also addresses the claimed costs for

2  deposition transcripts and, finally, photocopying and scanning.

3        **A.    Shipping Charges**

4        Shipping or expedited delivery charges are not allowable as

5  costs.  See SJA Amoroso Const. Co. v. Exec. Risk Indemn. Inc., No.

6  C 06-2572-SBA, 2009 WL 962008, at *4 (N.D. Cal. Apr. 8, 2009).

7  Fitbug rightly points out that Fitbit sought as costs $324.28 for

8  FedEx shipping and messenger services.  Further, Fitbug's objection

9  notes that shipping and handling for deposition transcripts are

10 also not allowable.  See Obj. at 6-7; see also Blanton v. Cnty. of

11 Sacramento, No. 2:09-cv-01832-MCE-CKD, 2013 WL 3283216, at *2 (E.D.

12 Cal. June 27, 2013) ("[T]he court will not tax the cost of postage

13 and handling of the deposition transcripts, since those costs are

14 not enumerated in [28 U.S.C. Section 1920].") (internal quotation

15 marks and citation omitted).  As a result, Fitbug's motion for

16 review is GRANTED and these costs will not be taxed.

17       **B.    Electronic Discovery and Document Production**

18       Next, Fitbug takes issue with several costs associated with

19 electronic discovery and document production.

20       Section 1920 was enacted in 1853 and as a result does not

21 speak directly on the taxability of electronic discovery costs.

22 See Alzheimer's Inst. of Am. Inc. v. Elan Corp. PLC, No. C-10-

23 00482-EDL, 2013 WL 8744216, at *2 (N.D. Cal. Jan. 31, 2013).  Nor

24 has the Ninth Circuit or Supreme Court spoken on how Section 1920

25 should be interpreted in this context, aside from remarking that

26 (in a distinct context, see id. at *1 (distinguishing this general

27 statement)) "[t]axable costs are limited to relatively minor,

28 incidental expenses."  Taniguchi, 132 S. Ct. at 2006.

**United States District Court**
For the Northern District of California

1    In this vacuum, courts have analogized the language of Section

2  1920(4), which authorizes the taxation of "[f]ees for

3  exemplification and the costs of making copies of any materials

4  where the copies are necessarily obtained for use in the

5  case . . . ," to a variety of electronic discovery expenses.  <u>See,</u>

6  <u>e.g.</u>, <u>Ancora Techs., Inc. v. Apple, Inc.</u>, No. 11-CV-06357 YGR, 2013

7  WL 4532927, at *2-4 (N.D. Cal. Aug. 26, 2013) (allowing costs for

8  converting electronic documents into usable formats while denying

9  costs for hosting electronic data and technical support);

10  <u>Pacificorp v. Nw. Pipeline GP</u>, No. 3:10-cv-00099-PK, 2012 WL

11  6131558, at *7-8 (D. Or. Dec. 10, 2012) (concluding that conversion

12  of electronic documents into a database is taxable); <u>Tibbie v.</u>

13  <u>Edison Int'l</u>, No. CV 07-5359 SVW (AGRx), 2011 WL 3759927, at *6

14  (C.D. Cal. Aug. 22, 2011) (taxing costs for technical experts

15  required to prepare and produce electronic discovery documents).

16         **1.   Charges for "FW Litigation Support -- Data**

17              **Extraction and Processing**

18    The first electronic discovery expense Fitbug disputes is five

19  charges for "FW Litigation Support -- Data Extraction and

20  Processing" apparently totaling $23,464.98.  Mot. at 6.  However,

21  one of these charges, described in Fitbug's moving papers as $23.78

22  claimed for "FW Litigation Support -- Data Extraction and

23  Processing," <u>id.</u>, does not actually appear in Fitbit's submissions.

24  On the contrary, the only $23.78 item Fitbit submitted is an

25  already-disallowed shipping charge, dated November 18, 2013.  <u>See</u>

26  First Wakefield Decl. Ex. B at 8.  Even though this charge is also

27  wrongly dated in both Fitbug's objection and motion, the Court

28  surmises that Fitbug likely meant to challenge a different charge

6

**United States District Court**
For the Northern District of California

1    (also for "FW Litigation Support -- Data Extraction and

2    Processing") dated November 30, 2013 and totaling $8,840.85.  As a

3    result, the correct total for these objected-to charges is

4    $32,282.05.

5        The First Wakefield Declaration avers that these costs relate

6    "to collection, scanning and conversion of documents, and related

7    processes necessary to the eDiscovery process," and these entries

8    specifically "concern document collection, including scanning and

9    related processes."  In a subsequent declaration, Wakefield

10   provides more information about these costs, stating that they were

11   necessary to prepare discovery documents for production to Fitbug

12   in the format to which the parties agreed.  See ECF No. 112-1

13   ("Second Wakefield Decl.") at ¶¶ 9-10; see also ECF No. 23

14   (stating, in a joint case management statement, that the parties

15   agreed to a particular format for electronic documents).

16       As Fitbit points out, several other courts have taxed similar

17   electronic document processing costs where, as here, the parties

18   agreed to a particular format for production and the costs incurred

19   were necessary for compliance with that agreement.  See Ancora,

20   2013 WL 4532927, at *2; eBay v. Kelora Sys., LLC, No. C 10-4947 CW

21   (LB), 2013 WL 1402736, at *7-8 (N.D. Cal. Apr. 5, 2013).

22   Initially, Fitbug argued that these costs were impermissible

23   because they included non-taxable costs for data hosting, metadata

24   extraction, and printing documents to serve on opposing counsel.

25   See ECF No. 108-1 ("Rosenberg Decl.") ¶¶ 3-4.  However, subsequent

26   submissions by Fitbit have clarified that such charges are not

27   included in Fitbit's claimed costs with the exception of metadata

28   extraction, which Fitbit states was necessary to comply with the

1   parties' agreement regarding the production of electronic

2   documents.   See Second Wakefield Decl. ¶ 9, 11, 18.

3        Fitbug believes the Court should disregard these subsequent

4   documents because they provide details not included with Fitbit's

5   submissions to the Clerk.   However, the Local Rules allow the Clerk

6   to "require and consider further affidavits and documentation as

7   necessary to determine allowable costs."   Civ. L.R. 54-4(a).   If

8   the Clerk may consider such supplemental submissions, the Court

9   cannot imagine why it cannot do so as well.   See Gutierrez v. Wells

10  Fargo Bank, N.A., No. C 07-05923 WHA, 2011 WL 115481, at *2 (N.D.

11  Cal. Jan. 13, 2011) ("First, [Fitbug] seeks to limit [Fitbit] to

12  the attachment filed with the bill of costs, but the local rules

13  explicitly provide for submission of supplemental documentation

14  rebutting objections, and the federal rules provide for challenges

15  to the taxing of costs.") (citations and emphasis omitted); see

16  also Emblaze Ltd. v. Apple Inc., No. 5:11-cv-01079-PSG, 2015 WL

17  1304779, at *6 (N.D. Cal. Mar. 20, 2015) (considering arguably

18  untimely supplementation of the record because it was a "good-faith

19  attempt to provide the court with all information necessary to make

20  a reasoned determination about whether to tax costs").

21       Thus, the Court finds these expenses are properly taxed as

22  exemplification costs necessarily incurred in complying with the

23  parties' agreement.   Moreover, to the extent the costs of metadata

24  extraction are included, these too are necessarily incurred,

25  allowable exemplification costs because they were incurred not for

26  the convenience of counsel, but to comply with the parties'

27  agreement.   Compare Computer Cache Coherency Corp. v. Intel Corp.,

28  No. C-05-01766 RMW, 2009 WL 5114002, at *4 (N.D. Cal. Dec. 18,

1    2009) (denying costs for metadata extraction costs merely for the

2    convenience of counsel), with eBay, 2013 WL 1402736, at *12

3    (allowing such costs where the parties agreement provided for

4    metadata extraction, Bates numbering, and native file links).  As a

5    result, Fitbug's motion for review of the Clerk's taxation of these

6    costs is DENIED, and these $32,282.05 in costs will be taxed.

7                **2.    Charges for "FW Litigation Support -- Production**

8                **Deliveries"**

9         Next, Fitbug challenges seven items for "FW Litigation Support

10   -- Production Deliveries" totaling $4,466.91.  Initially, Fitbit

11   argued these charges are taxable because they "relate to production

12   of documents."  First Wakefield Decl. at ¶ 5.  Subsequently, Fitbit

13   has elaborated that these charges include costs for converting

14   document formats as required by the parties' agreement, as well as

15   providing Bates numbers and confidentiality designation, preparing

16   load files, and loading the information onto physical media for

17   delivery to Fitbug.  Second Wakefield Decl. at ¶ 14.  Furthermore,

18   contrary to Fitbug's chief objection, Fitbit now avers that the

19   costs of shipping or physical deliveries of these materials are not

20   included in these charges.  Id. at ¶ 15.

21        These costs are properly taxed as well because they are

22   expressly contemplated by the parties' agreement and are

23   necessarily incurred exemplification costs.  See eBay, 2013 WL

24   1402736, at *7, 12.  As Magistrate Judge Beeler found, such costs

25   are necessarily incurred because without the conversion and

26   organization of these files, "any copy is relatively useless."  Id.

27   at *7.  While Fitbug reiterates its complaints that Fitbit did not

28   provide a fuller explanation of these charges in its initial

**United States District Court**
For the Northern District of California

9

**United States District Court**
For the Northern District of California

1    submissions and again made statements in the parties' meet and

2    confer that are contradicted by its subsequent submissions, the

3    Court rejected these arguments as to the other discovery costs and

4    does so here as well.  <u>See</u> Civ. L.R. 54-4(a); <u>Gutierrez</u>, 2011 WL

5    115481, at *2.  As a result, Fitbug's motion for review of the

6    Clerk's taxation of these costs is DENIED and this $4,466.91 will

7    be taxed.

8         **C.    <u>Demonstrative Exhibit-Related Charges</u>**

9         Next, Fitbug challenges numerous costs related to Fitbit's

10   preparation of demonstrative exhibits.

11        Civil Local Rule 54-3(d)(5) provides that the "costs of

12   preparing charts, diagrams, videotapes, and other visual aids to be

13   used as exhibits is allowable if such exhibits are reasonably

14   necessary . . . ."  The "costs of preparing" demonstrative exhibits

15   are limited to "the cost of physical preparation of

16   demonstratives," not "costs associated with the intellectual effort

17   involved in creating the content of demonstratives."  <u>Ancora</u>, 2013

18   WL 4532927, at *5 (quoting <u>Computer Cache</u>, 2009 WL 5114002, at *1-

19   2) (additional citations omitted).

20        Here, only some of the costs claimed by Fitbit are taxable.

21   For instance, generic entries like "Meeting with counsel" or

22   "Travel to[]/from SF" are either not taxable or likely include both

23   taxable and non-taxable components.  Others, like "[a]ll-day

24   meeting, review, and development of Defense slide deck" likely

25   include some taxable expenses, however the Court finds Fitbit has

26   not sufficiently shown that these costs stem from the physical

27   preparation of the demonstrative exhibits and not the "creation and

28   preparation of the <u>content</u> of demonstrative exhibits," which is not

1  taxable.  See Pixion Inc. v. Placeware, Inc., No. C 03-02909 SI,

2  2005 WL 3955889, at *4 (N.D. Cal. May 26, 2005).  On the other

3  hand, the charges labelled "Defense Template," "Cut depo clips,"

4  and "Database administration" all refer to the physical acts of

5  preparing a slide template for use with Fitbit's demonstratives, or

6  the physical act of editing videos of depositions and are thus

7  taxable.  Id.; see also Second Wakefield Decl. at ¶¶ 22, 24.

8  Similarly, the physical acts of incorporating comments from counsel

9  and making stylistic changes, referred to Fitbit's invoices as

10  "Continue Slide Deck Revisions . . ." and "Review of PowerPoint

11  Draft . . ." are taxable because they reflect the physical

12  preparation of the contents separately decided upon by counsel.

13  Second Wakefield Decl. ¶ 24.  The remaining costs are either not

14  taxable or not sufficiently described for the Court to determine if

15  they are taxable, and thus will be excluded from the costs taxed.

16  See In re Ricoh Co., Ltd. Patent Litig., 661 F.3d 1361, 1368 (Fed.

17  Cir. 2011) (applying Ninth Circuit law in disallowing

18  insufficiently described costs for document production).  As a

19  result, the motion for review is GRANTED in part and DENIED in part

20  as to these charges, and $5,859.00 will be taxed.

21       **D.    Supplies**

22       Next, Fitbug challenges Fitbit's claimed costs for the

23  creation of folders, compact discs, index tabs, and other office

24  supplies.

25       Fitbug is right to object to the majority of these charges,

26  which are simply non-taxable office supplies.  See Oyarzo v.

27  Tuolumne Fire Dist., No. 1:11-cv-01271-SAB, 2014 WL 1757217, at *21

28  (E.D. Cal. Apr. 30, 2014) ("[T]he costs of office supplies are not

11

**United States District Court**
For the Northern District of California

1  taxable under [S]ection 1920.") (citing Duhn Oil Tool, Inc. v.

2  Cameron Int'l Corp., No. 1:05-cv-01411-MLHGSA, 2012 WL 4210104, at

3  *5 (E.D. Cal. Sept. 12, 2012)).  As a result, Fitbug's motion is

4  GRANTED as to items such as "Manila Folder," "Copying:Custom Tabs

5  on Folders," or "Index Tabs."  Mot. at 7-8.  These and other

6  similar costs, for instance slipsheets and binders, will not be

7  taxed.  See, e.g., First Wakefield Decl. Ex. A at 14 (including

8  $0.48 for slipsheets and $19.00 for three-ring binders).

9       Fitbug also objects to charges for two other items,

10 "EDD:Folder Creation" and "EDD:CD Initial Master," arguing that

11 these are non-taxable organizational or indexing tasks.  See MEMC

12 Elec. Materials v. Mitsubishi Materials, No. C-01-4925 SBA (JCS),

13 2004 WL 5361246, at *3, 12 (N.D. Cal. Oct. 22, 2004) (concluding

14 that "Local Rule [54-3(d)] does not authorize costs for . . .

15 special services such as indexing . . ."), report and

16 recommendation adopted, 2004 WL 5363614 (N.D. Cal. Nov. 22, 2004).

17 Fitbit does not defend charges for these items on a June 5, 2014

18 invoice, which it later discovered was erroneously included in the

19 bill of costs.[1]  Second Wakefield Decl. at ¶ 29.  Fitbit does,

20 however, argue that two of these charges are appropriately taxed

21 because they were "incurred . . . in scanning and otherwise

22 organizing the documents collected" from a third-party former

23

24 [1] The Second Wakefield Declaration states that "one invoice for
$53.75 billed on June 4, 2014 was assigned to the wrong case number
25 and billed in error, and should not have been included in the bill
of costs," id. at ¶ 29, however the invoice itself includes two
26 other potentially taxable charges, one for scanning and the other
for copying.  See First Wakefield Decl. Ex. B at 34.  Because the
27 Court cannot determine from the record whether these remaining
charges were properly included in the bill of costs or were also
28 erroneously charged, these charges will not be taxed.  See id.

12

**United States District Court**
For the Northern District of California

1   Fitbit employee, Mark Bult, for production in response to Fitbug's

2   subpoena of Mr. Bult.  Second Wakefield Decl. ¶ 27.  These costs

3   are permissible under both Civil Local Rule 54-3(d)(2), which

4   states that the cost of reproducing "formal discovery documents

5   . . . is allowable," and cases allowing for the taxation of the

6   costs of producing discovery documents where those costs were

7   necessarily incurred and do not include "intellectual efforts"

8   involved in the production.  See eBay, 2013 WL 1402736, at *5

9   (citations omitted).  As a result, Fitbug's motion for review is

10  GRANTED in part and DENIED in part, and only the $28.25 incurred in

11  responding to the Bult subpoena will be taxed.  The other folder or

12  CD creation charges have not been sufficiently explained by Fitbit,

13  and as a result will not be taxed.  See In re Ricoh, 661 F.3d at

14  1368.

15      **E.    Depositions**

16      Finally, while Fitbug did not seek review of the Clerk's

17  taxation of deposition costs, it did argue in its objection that

18  certain deposition costs should not be taxed.  Given that the Court

19  reviews the Clerk's taxation of costs de novo, the Court addresses

20  these costs as well.

21      Section 1920 provides for the taxation of "[f]ees for printed

22  or electronically recorded transcripts necessarily obtained for use

23  in the case . . . ."  Id. at (2).  Civil Local Rule 54-3(c)

24  provides for the taxation of the costs of an original and one copy

25  of deposition transcripts "including videotaped depositions," as

26  well as "[n]otary fees incurred in connection with taking

27  depositions . . . ."  See Civ. L.R. 54-3(c)(1), (3).

28      First, Fitbug notes that Fitbit seeks costs for "Transcript

13

United States District Court
For the Northern District of California

Packages" from a vendor, Esquire Solutions, for the depositions of

Mark Bult, James Park,[2] and Amy McDonough.  Fitbug argues these

packages contain more than the single original and copy permitted

by the Local Rules because, according to Esquire Solutions'

website, the transcript packages contain a bound paper transcript,

and a CD containing four versions of the full or condensed

transcripts.  See ECF No. 103-1 ("Second Rosenberg Decl.") Ex. 1.

Although "the trend among courts in this District appears to allow

a party to recover costs for the original deposition transcript and

a copy -- no matter what format the copy is in," Fitbug is right

that these transcript packages contain more than an original and a

single copy, as permitted by the Local Rules, and accordingly

cannot be fully taxed.  See Hesterberg  v. United States, -- F.

Supp. 3d --, 2014 WL 7184246, at *4 (N.D. Cal. 2014).  The Court

finds that taxing only 40 percent of the transcript packages is the

best potential solution because Esquire does not itemize the costs

of each additional format.  Accordingly, the Court taxes $348.15

for the deposition of Amy McDonough and $235.65 for the deposition

of Mark Bult.  As explained in footnote two, above, the Court taxes

$1,471.80 for the deposition of James Park.

For the remaining depositions, the Court finds the only

allowable costs are one transcript copy, one additional copy (in

most cases a video copy), exhibit costs, and a reporter

---

[2] Fitbit submitted two invoices from Esquire for the deposition of
Mr. Park.  One merely refers to a single copy of the transcript,
while the other contains the same objectionable transcript package.
See First Wakefield Decl. Ex. A at 16-18.  The Court taxes the full
cost of the single copy, 20 percent of the transcript package as
the second copy, and a single set of exhibits, for a total of
$1,471.80.

**United States District Court**
For the Northern District of California

certification if not otherwise included in the cost of the

transcript.  See Civ. L.R. 54-3(c)(1)-(4); Ancora, 2013 WL 4532927,

at *5-6 (concluding there is "no reason to deny costs which conform

to [Civil Local Rule 54-3(c)(1)], even if the second copy is a

rough ASCII or a video").  Fitbug rightly objects that the other

charges for shipping and handling of transcripts, "Interactive

Realtime," rough ASCII copies, and transcript CDs either fall

outside Section 1920 or exceed the number of copies permitted by

Civil Local Rule 54-3(c)(1).  Accordingly, the Court taxes the

following deposition costs:

| Deponent | Items | Amount |
|---|---|---|
| Mark Bult | Transcript Package (taxed at 40%) | $155.90 |
| | Exhibits | $79.75 |
| Dennis Skigen | Transcript | $1,050.00 |
| | Exhibits | $276.20 |
| | Reporter Certification | $20.00 |
| | Video | $570.00 |
| Paul Landau | Transcript | $1,527.20 |
| | Exhibits | $283.30 |
| | Reporter Certification | $20.00 |
| | Video | $760.00 |
| James Park | Transcript | $926.25 |
| | Exhibits | $357.10 |
| | Transcript Package (taxed at 20%) | $188.45 |
| Fergus Kee | Transcript | $1,070.70 |

| | | | |
|---|---|---|---|
| | Exhibits | $233.80 | |
| | Reporter Certification | $20.00 | |
| | Video | $855.00 | |
| Woody Scal | Transcript | $471.25 | |
| | Exhibits | $11.75 | |
| | Video (1 of 4) | $125.00 | |
| Eric Friedman | Transcript | $591.50 | |
| | Exhibits | $193.10 | |
| | Video | $500.00 | |
| Amy McDonough | Transcript Package (taxed at 40% | $240.40 | |
| | Exhibits | $107.75 | |
| Sundeep Sangany | Transcript | $1,657.50 | |
| | Exhibits | $25.20 | |
| | Reporter Certification | $20.00 | |
| | Video | $760.00 | |
| E. Deborah Jay | Transcript | $413.80 | |
| | Exhibits | $106.00 | |
| Bruce Issacson | Transcript | $1,306.40 | |
| | Exhibits | $658.80 | |
| | Reporter Certification | $20.00 | |
| David Haas | Transcript | $1,004.50 | |
| | Exhibits | $140.50 | |
| | Video | $1,742.50 | |
| Michael J. Jeffords | Videos (2 of 4) | $250.00 | |
| **TOTAL DEPOSITION COSTS TAXED:** | | **$18,739.60** | |

16

**F.    Remaining Exemplification Costs**

In addition to the foregoing contested costs, Fitbit also sought $2,210.24 for photocopying and $74.89 for scanning.  Because these costs are necessarily incurred exemplification costs, <u>see</u> 28 U.S.C. Section 1920(4), they will be taxed as well.

**V.    CONCLUSION**

For the reasons set forth above, Fitbug's motion for review of the Clerk's taxation of costs is GRANTED in part and DENIED in part and the Court taxes the following costs:

| Category | Amount |
|---|---|
| Deposition transcripts, video transcripts, reporter certifications, and exhibits | $18,739.60 |
| Photocopying and scanning | $2,285.13 |
| Electronic discovery and document production costs | $36,748.96 |
| Preparation of demonstrative exhibits | $5,859.00 |
| Production costs for Bult subpoena | $28.25 |
| **TOTAL COSTS TAXED:** | $63,660.94 |

IT IS SO ORDERED.

Dated: May 13, 2015

_____
UNITED STATES DISTRICT JUDGE